IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60874
Conference Calendar
_____

KENT METCALF,

Plaintiff-Appellant,

versus

MONROE COUNTY SHERIFF DEPARTMENT;
PHILLIP GEORGE,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:98-CV-68-B-D
--------------------
June 13, 2000

Before JOLLY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Kent Metcalf (Metcalf) appeals the November 19, 1999, order by the district court, denying his motions to alter judgment pursuant to Fed. R. Civ. P. 59(e) and for relief from judgment pursuant to Fed. R. Civ. P. 60. Because Metcalf's Rule 59(e) motion was timely filed, the denial of the motion brings up the underlying judgment for review. See Foman v. Davis, 371 U.S. 178, 181-82 (1962).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Metcalf argues that the district court applied the wrong standard of law in deciding his underlying claim of excessive force pursuant to 42 U.S.C. § 1983.  Metcalf did not raise this issue in his objections to the magistrate judge's Report and Recommendations.  Our review is thus limited to plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1420 (5th Cir. 1996)(en banc).

Because Metcalf fails to provide any argument regarding why the standard of law applied by the district court was improper, because he does not state what standard of law the district court should have applied, and because he does not show how he would have prevailed had the court used the correct standard, this argument is waived.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987); Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).  Although this court applies less stringent standards to parties proceeding pro se than to litigants, pro se parties must still brief the issues and reasonably comply with the requirements of Fed. R. Civ. P. 28. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995).

Metcalf also asserts that a prima facie case of excessive force was established because he produced pictures of the injuries he suffered in connection with his July 1, 1995, arrest and that "in view of the record it clear [sic] shows that he met the preponderance of the evidence requirement by producing original photographs of his facial and body injuries, the actual medical records, and witnesses testimony which clearly corroborated the fact that he had been badly beatened [sic] by

the defendants . . . ." Both of these arguments miss the point of appellate review. The question on appeal is not whether Metcalf proved his case by a preponderance of the evidence, but whether the district court erred in holding that he did not.

To succeed in a § 1983 action, a plaintiff must establish a violation of the laws or constitution of the United States and that this deprivation of rights was caused by a person acting under color of state law. Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 525 (5th Cir. 1994). The district court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed *de novo*. Baldwin v. Stalder, 137 F.3d 836, 839 (5th Cir. 1998). Even if Metcalf proved a prima facie case, he does not show on appeal that the district court clearly erred in accepting the magistrate judge's recommendation that Metcalf failed to prove his case. His appellate argument is no more than a repeat of his factual allegations in the district court.

The district court's judgment in favor of defendants is AFFIRMED.